IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FRYE, Plaintiff | : | No. 3:26cv2611 |
| v. | : | (Judge Munley) |
| LT. C. GREGORY, et al., Defendants | : | |

# MEMORANDUM

Plaintiff Alexander Frye ("Frye"), an inmate housed, at all relevant times, at the State Correctional Institution at Frackville, commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Frye seeks to proceed in forma pauperis. (Doc. 2). Named as defendants are Lieutenant Gregory, Correctional Officer Feiling, Facility Manager Damiter, Secretary Laurel Harry, and Chief Grievance Officer Keri Moore. (Id. at 2-3).

The complaint is presently before the court for preliminary screening. For the reasons set forth below, the court will dismiss the claims against Lieutenant Gregory, Facility Manager Damiter, Secretary Harry, and Chief Grievance Officer Moore.

## I. Allegations of the Complaint

Frye alleges that defendant Feiling denied him five meal trays over the course of two days—he alleges that Feiling denied him lunch and dinner on February 1, 2026, and denied him breakfast, lunch, and dinner on February 2, 2026. (Doc. 1, at 4).

Frye asserts that defendant Gregory denied his grievance on initial review and failed to review the closed-circuit television footage confirming that defendant Feiling denied him meal trays. (Id.; Doc. 1-1, at 4). He further asserts that defendant Damiter denied his grievance on second level review and found that Frye refused his meal trays on the dates in question. (Doc. 1, at 4-5; Doc. 1-1, at 5).

Frye seeks monetary relief and requests that Secretary Harry enforce DC-ADM 610.[1] (Doc. 1, at 6).

## II. Legal Standard

Under 28 U.S.C. § 1915A, the court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The court must dismiss the

---

[1] Department of Corrections' Policy Number DC-ADM 610, Food Services ("DC-ADM 610"), available at https://www.pa.gov/agencies/cor/about-us/doc-policies (last visited Sept. 10, 2026).

complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The court has a similar obligation with respect to actions brought in forma pauperis and actions concerning prison conditions. See 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Second, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). It is axiomatic that liability under Section 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. Evancho, 423 F.3d at 353 (quoting Rode, 845 F.2d at 1207). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208. It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." Kirk v. Roan, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting Evancho, 423 F.3d at 353).

When the defendant is a supervising prison official, liability must still be based on "personal involvement in the alleged wrongs." Rode, 845 F.2d at 1207. Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Nor can Section 1983 liability be predicated solely on the theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976). See also Monell v. Department of Soc. Services,

436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that Section 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." Mearin v. Swartz, 951 F. Supp.2d 776, 782 (W.D. Pa. 2013). See also Mincy v. Chmielsewski, 508 F. App'x 99, 104 (3d

Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite for personal involvement.").

Here, a review of Frye's allegations indicates that he is attempting to establish liability against Lieutenant Gregory, Facility Manger Damiter, Secretary Laurel Harry, and Chief Grievance Officer Keri Moore, either on the basis of their respective supervisory capacities or based upon their role in denying grievances. These types of averments are insufficient to establish personal involvement in the deprivation of a constitutional right. See, e.g., Mincy, 508 F. App'x at 104; Kloss v. SCI-Albion, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and…failed to help him" is insufficient to state a claim for relief).

First, other than listing Chief Grievance Officer Moore as a defendant, there are no factual allegations against her in the complaint. (See Doc. 1). Defendant Moore's purported review of grievances is insufficient to establish personal involvement for a Section 1983 claim. (See Doc. 1-1, at 2).

Second, the allegations against defendants Gregory and Damiter are only based on their involvement in the grievance process and in their respective roles as Facility Grievance Coordinator and Facility Manager for the first and second level grievance reviews. (Doc. 1-1, at 4-5). Such allegations fail to show that defendants Gergory and Damiter were personally involved in the underlying

unconstitutional conduct. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right").

Third, Frye has sued defendant Harry, Secretary of the Department of Corrections, based on her enforcement of policy generally and he requests that she enforce DC-ADM 610. (Doc. 1, at 6). Frye does not allege that defendant Harry was aware of his circumstances or the impact any policy had on him. He also does not allege that defendant Harry took any proactive steps to condone or enforce policy in a particular way. As such, Frye has not established that defendant Harry was personally involved.

The claims against defendants Gregory, Damiter, Moore, and Harry will be dismissed.

## IV. Leave To Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless

such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Frye's claims against defendants Gregory, Damiter, Moore, and Harry are factually and legally flawed. Therefore, the court concludes that curative amendment with respect to these defendants would be a futile endeavor.

## V. Conclusion

Consistent with the foregoing, the court will dismiss the claims against defendants Gregory, Damiter, Moore, and Harry.

An appropriate order follows.

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Date: September 21, 2026**